UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BARTHOLOMEW, | No. 2:13-cv-01500 GEB DAD P |
| Plaintiff, | |
| v. | ORDER |
| A.V. SOLORZANO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. In Forma Pauperis Application**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

**III. Retaliation Claim**

In his complaint, plaintiff alleges that defendant Solorzano has retaliated against him because plaintiff submitted a report alleging that he was sexually harassed by defendant Solorzano. According to plaintiff, d defendant Solorzano's acts of retaliation against him include: (1) refusing to allow plaintiff to shower on September 8, 2011, and from September 11, 2011 to September 13, 2011 (ECF No. 1 at 6); (2) denying plaintiff's request for a "Bed/move" on September 9, 2011 (id. at 7); and (3) carrying out a "punitive" search of plaintiff's cell on March 19, 2012, during which the defendant broke plaintiff's dentures (id. at 4 & 7). These allegations state a cognizable claim of retaliation in violation of the First Amendment.

**IV. Fourth Amendment Claim**

However, to the extent that plaintiff is also attempts to allege that the cell search carried out on March 19, 2012 violated his rights under the Fourth Amendment, plaintiff has failed to state a cognizable claim. Prison inmates have no Fourth Amendment protection from searches of their prison cells. Hudson v. Palmer, 468 U.S. 517, 516 (1984) (holding that "prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells."). Therefore, plaintiff's Fourth Amendment claim is not cognizable.

**V. Eighth Amendment Claim**

It is well established that a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S. 25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. There are an objective and a subjective requirement which must be met for an Eighth Amendment claim. First, for the objective requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, the prison official must have a sufficiently culpable state of mind. See id. Here the state of mind is

3

one of deliberate indifference. See id.  A prison official who knows of and disregards an excessive risk to the inmate's health or safety demonstrates deliberate indifference. See id. at 837. Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.  However, an official that knows of a substantial risk to an inmate's health or safety but acts reasonably under the circumstances will not be held liable under the cruel and unusual punishment clause, even if the threatened harm results. See id. at 843.

Here, it does not appear that defendant Solorzano's denying of plaintiff's request for a cell or bed move rises to a level of an Eighth Amendment violation. There are no allegations in plaintiff's complaint that he faced a substantial risk of serious harm if he was not moved and that defendant was aware of such a risk of harm.  If plaintiff believes that he can cure these deficiencies with respect to his Eighth Amendment claim, he must do so by filing an amended complaint as explained further below.

As to the search of his cell, plaintiff has not alleged sufficient facts to state a cognizable claim.  If plaintiff wishes to proceed with such a claim, he must allege additional facts in an amended complaint which, if proven, would demonstrate that the reason for the defendant's search of plaintiff's cell was calculated harassment. See Hudson, 468 U.S. at 528-30 (malicious cell searches and calculated harassment unrelated to prison needs may implicate the Eighth Amendment's protection against cruel and unusual punishment).  In any amended complaint he were to elect to file, plaintiff should consider alleging additional facts that, if proven, would demonstrate that the cell search in question was unreasonable, including facts as to whether any contraband was seized during the cell search, whether contraband was seized in past searches of his cell, and how often and when his cell has been subjected to searches.

As to the defendant's alleged denying plaintiff access to showers, plaintiff is advised that the "short-term denial of showers is not the type of deprivation that rises to the level of an Eighth Amendment violation." Hernandez v. Olmos, No. 1:11cv01495 LJO DLB PC, 2013 WL 5718566, at *3 (E.D. Cal. Oct. 18, 2013), report and recommendation adopted by 2013 WL 6230269 (E.D. Cal. Dec. 2, 2013).  In Hernandez, the District Court held:

> To the extent that he [prisoner plaintiff] relies on the denial of "regular showers" and/or the denial of showers on "multiple" occasions during a two month period, his claim is factually insufficient. While the Ninth Circuit has not made any definitive determination as to how many showers are required per week for inmates, it has certainly not held that daily showers are required. See Van Nort v. Fair, 2012 WL 1106922, at *7-8 (D. Nev. Feb. 2, 2012) (District Court adopted as to conditions of confinement claims and declined to adopt on other claims). One district court has held that the denial of showers for seven (7) days did not amount to an Eighth Amendment violation. See Centeno v. Wilson, 2011 WL 836747 (E.D. Cal. March 4, 2011).

Id. Therefore, should plaintiff decide to continue to pursue an Eighth Amendment claim based upon the alleged denial of access to showers, he must allege additional facts in an amended complaint which, if proven, would demonstrate how the lack of daily showers posed a substantial risk of harm to his health and that the defendant was aware of this risk of harm.

**VI. Due Process and Equal Protection Claims**

In his complaint, plaintiff asserts that he has rights under the Fourteenth Amendment "to due process and equal protection from unreasonable search and seizure, harassment, and to redress his grievances from the government." (ECF No. 1, ¶ 33 at 7.)

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A claim for violation of "procedural" due process has two components. A litigant must first allege and demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989). Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Next, a plaintiff making such a claim must allege facts sufficient to show that the procedures attendant upon the deprivation were not constitutionally sufficient. Id. The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481–84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

1    Here, it appears that plaintiff is attempting to allege that he has a due process right to
2 pursue his inmate grievance.  Prison officials are not required under federal law to process inmate
3 grievances in a specific way or to respond to them in a favorable manner.  Even if the defendants
4 delayed, denied, or erroneously screened out plaintiff's grievances, they have not deprived him of
5 a federal constitutional right.  This is because it is well established that "inmates lack a separate
6 constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d
7 850, 860 (9th Cir.2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)).  Since
8 inmates do not have a constitutional right to a particular grievance process, "plaintiff cannot state
9 a cognizable civil rights claim for a violation of his due process rights based on allegations that
10 prison officials ignored or failed to properly process grievances."  Dixon v. LaRosa, 2:10-CV-
11 1441 GEB KJN, 2011 WL 3875806 at *16 (E.D. Cal. Aug. 31, 2011).  See, e.g., Wright v.
12 Shannon, No. 1:05-cv-1485-LJO-YNP PC, 62010 WL 445203, at *5 (E. D. Cal. Feb.2, 2010)
13 (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a
14 cognizable claim under the First Amendment); Williams v. Cate, No.1:09-cv-0468-OWW-YNP-
15 PC, 2009 WL 3789597, at *6 (E. D. Cal. Nov.10, 2009) ("Plaintiff has no protected liberty
16 interest in the vindication of his administrative claims.").  Thus, plaintiff has failed to state a
17 cognizable due process claim.
18    The Equal Protection Clause "is essentially a direction that all persons similarly situated
19 should be treated alike."  City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439
20 (1985).  "To prevail on an Equal Protection claim brought under § 1983, Plaintiffs must allege
21 facts plausibly showing that the defendants acted with an intent or purpose to discriminate against
22 [them] based upon membership in a protected class."  Hartmann v. California Dept. of
23 Corrections and Rehabilitation, 707 F.3d 1114, 1123 (9th Cir. 2013) (internal quotation marks
24 and citation omitted).  Here, there are no allegations in his complaint which if proven would show
25 that plaintiff was treated differently than others similarly situated or that defendant Solorzano
26 /////
27 /////
28 /////

acted with discriminatory intent.  Therefore, plaintiff has failed to state a cognizable equal protection claim.[1]

**VII. Defendant Sued in His Official Capacity**

Plaintiff has sued defendant Solorzano in both his individual and official capacities.  However, plaintiff may not sue the defendant in his official capacity.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself.") (citations omitted); Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").  Therefore, this action may proceed against defendant Solorzano only in his individual capacity.

**VIII. Requirements for Amended Complaint**

If plaintiff chooses not to amend his original complaint which was filed with the court on July 25, 2013, this action will proceed only as to plaintiff's retaliation claim against defendant Solorzano, sued in his individual capacity.

If plaintiff elects to file an amended complaint, he must cure the deficiencies noted above with respect to the remainder of the claims it appears he is attempting to bring.  Plaintiff must also allege facts demonstrating how any conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Any amended complaint must allege in specific terms how defendant Solorzano was involved in the deprivation of each of plaintiff's constitutional rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

---

[1] Plaintiff is advised that being a prisoner who has filed an inmate grievance does not establish that he is "an active participant in a protective class."  (ECF No. 1, ¶¶ 19 & 29 at 6-7.)  See Taylor v. Delatoore, 281 F.3d 844, 849 (9th Cir. 2002) (indigent prisoners are not a suspect class); Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997) (prisoners do not constitute protected class for equal protection purposes).

(9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make any amended complaint he elects to file complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Finally, although the court has determined that plaintiff has stated a cognizable retaliation claim in his original complaint, if he elects to file an amended complaint plaintiff must include that retaliation claim and all of its supporting allegations in the amended complaint as well.

**IX. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 4, 2013 request for leave to proceed in forma pauperis (ECF No. 9) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Thirty days from the date of service of this order, plaintiff shall file a notice informing the court whether he intends to proceed with his original complaint which was filed with the court on July 25, 2013 only with respect to the retaliation claim alleged therein;

4. In the alternative, thirty days from the date of service of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket

number assigned this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the Clerk of the Court

    5. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed; and

    6. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

Dated: March 21, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bart1500.14