UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BARTHOLOMEW, | No. 2:13-cv-1500 GEB DAD P |
| Plaintiff, | |
| v. | ORDER |
| A.V. SOLORZANO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff contends that defendant Solarzano, a correctional officer at California State Prison-Sacramento ("CSP-SAC"), sexually harassed plaintiff and then retaliated when plaintiff reported the harassment to prison officials. Now pending before the court is defendant's motion to compel responses to interrogatories and requests for production of documents. (ECF No. 23.) By notice filed March 19, 2015, defendant partially withdrew the motion to compel. (ECF No. 26.) Plaintiff filed neither an opposition nor a statement of non-opposition to defendant's motion to compel.

I. Interrogatories

Defendant moves to compel responses to his interrogatories, set one, nos. 1 and 2. According to defendant, plaintiff has failed to respond to either interrogatory. (ECF No. 26 at 2.)

/////

1

1    Under the Federal Rules of Civil Procedure, a responding party is obligated to respond to
2 interrogatories fully.  Fed. R. Civ. P. 33(b)(3).  Any objections must be stated with specificity.
3 Fed. R. Civ. P. 33(b)(4).  "The responding party shall use common sense and reason in its
4 responses; hyper-technical, quibbling, or evasive objections will not be viewed favorably by the
5 court."  Johnson v. Cate, No. 1:10-cv-02348-LJO-MJS, 2014 WL 1419816 at * 2 (E.D. Cal. Apr.
6 14, 2014).  A responding party is not generally required to conduct extensive research in order to
7 answer an interrogatory, but must make a reasonable effort to respond.  L.H. v. Schwarzenegger,
8 No. 2:06-cv-2042-LKK-GGH, 2007 WL 2781132 at *2 (E.D. Cal. Sep. 21, 2007).  "Moreover, if
9 the responding party would necessarily have to gather the requested information to prepare its
10 own case, objections that it is too difficult to obtain the information for the requesting party are
11 not honored."  Id.  Finally, the responding party has a duty to supplement any responses if the
12 information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P.
13 26(e)(1)(A).

14    Defendant's interrogatory no. 1 provides:  "Please describe in detail how Defendant
15 sexually harassed you on September 1, 2011."  (ECF No. 26-2 at 3.)

16    Defendant's interrogatory no. 2 provides:  "Identify all witnesses, both staff and inmate (if
17 inmate, include CDCR number), who observed Defendant sexually harass you on September 1,
18 2011."  (Id.)

19    As noted, plaintiff has not responded to either interrogatory.  An interrogatory may seek
20 "any nonprivileged matter that is relevant to any party's claim or defense – including  . . . the
21 identity and location of persons who know of any discoverable matter."  Fed. R. Civ. P. 26(b)(1).
22 Through these two interrogatories defendant seeks details regarding defendant's alleged sexual
23 harassment of plaintiff and the identities of witnesses to the alleged harassment.  The first
24 interrogatory could not be more material to plaintiff's claims; the second interrogatory seeks "the
25 identity . . . of persons who know of any discoverable matter."  The information sought should be
26 known by plaintiff without the need for any additional research.  Accordingly, the court will grant
27 defendant's motion to compel responses to these two interrogatories.
28 /////

II.  Requests for Production of Documents

Defendant moves to compel responses to his requests for production, set one, nos. 4 and 5. According to defendant, plaintiff referenced a document in his responses to these requests, yet failed to include a copy of the document with his responses.  (ECF No. 26 at 2.)

A party may serve on any other party a request "to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody or control."  Fed. R. Civ. P. 34(a)(1).  "Control is defined as the legal right to obtain documents upon demand.  The party seeking production of the documents . . . bears the burden of proving that the opposing party has such control."  United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989).

Defendant's request for production no. 4 provides:  "Produce the document you submitted on September 9, 2011, identified in your complaint as 'REQUEST/BED/BUILDING MOVE LEVEL III FORM.'"  (ECF No. 26-1 at 6.)

Plaintiff's response to request for production no. 4 provides:  "(see attached PL exhibit-B 'REQUEST FOR BED/BUILDING MOVE LEVEL III DATE: 9-11-11 signed by Officer B. Burns 2/watch Building 8)."  (Id.)

Defendant's request for production no. 5 provides:  "In your complaint, you allege that you required a 'compatibility Bed/move,' which required written approval of both the second and third watch officers, then you state '(see attached Exhibit #2)', however no exhibit is attached.  Produced the document(s) you identified as 'Exhibit #2.'"  (Id.)

Plaintiff's response to request for production no. 5 provides:  "(see number 4: Request for documents)" (Id.)

According to defendant, despite the answers reproduced above, plaintiff failed to enclose the referenced document with his discovery responses.  (ECF No. 26 at 2.)  The document sought is presumably in plaintiff's possession, as it is referred to in his operative complaint.  Moreover, plaintiff claims the document was attached to his discovery responses.  In light of these facts, defendant appears entitled to a copy of the document, and plaintiff will be compelled to provide it to defendant.

3

III.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel discovery responses (ECF No. 23) is granted.

2. Within twenty-one days of service of this order, plaintiff shall serve defendant with responses to defendant's interrogatories, set one, nos. 1 and 2.  Plaintiff must respond to the interrogatories completely and without objection.

3. Within twenty-one days of service of this order, plaintiff shall serve defendant with a copy of the document referenced in his responses to defendant's requests for production, set one, nos. 4 and 5.  Plaintiff may not interpose an objection to the provision of the referenced document.

4. The August 29, 2014 discovery and scheduling order is hereby amended as follows: All pretrial motions, except motions to compel discovery, shall be filed on or before November 30, 2015.  Discovery in this case is closed, except that defendant may bring a further motion to compel discovery responses and/or motion for discovery sanctions if plaintiff fails to respond properly to this order.

Dated:  August 11, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
bart1500.disc